## WILLIAMS v. DELAWARE, L. & W. R. Co.

*(Supreme Court, General Term, Fifth Department. June, 1888.)*

RAILROAD COMPANIES—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.
The evidence, in an action against a railway for personal injuries, being that plaintiff, who was an engineer in defendant's employ, was leaving the shops to go home on a dark night, walking through the yard on the tracks, as was the custom of the employes, when he was struck by a yard-engine, going backwards, with no light on the rear end, and that he was well acquainted with tracks, and the customs of the yard, it is error to refuse an instruction that in walking on the track he assumed the risk of being injured by the ordinary operation of trains on defendant's road.[1]

Appeal from special term, Erie county; CORLETT, Justice.

Action by Charles Williams against the Delaware, Lackawanna & Western Railroad Company for injuries. Verdict and judgment for plaintiff. Defendant appeals. The evidence showed that plaintiff, who was an engineer employed by defendant, left the shops on a dark night, carrying a lantern, walking through the yard on the tracks, as was the custom of the employes and others, as the company must have known. Plaintiff was well acquainted with the operation of the trains, and the running of yard-engines, and also that they were not usually provided with head-lights. He was struck by a yard-engine, which was backing, making very little noise, and not ringing the bell, and seriously injured. On the trial the defendant requested an instruction that plaintiff, by walking on the track, assumed all the risk attendant on the ordinary operations of the trains. The court refused to give the instruction, and defendant excepted; and from a judgment entered on the verdict and order denying a motion for new trial he appealed.

*Rogers, Locke & Milburn,* for appellant. *Farrington & Laing,* for respondent.

DWIGHT, J. We think the defendant was entitled to the instruction asked for, to the effect that "the plaintiff, in walking the track, assumed the risk of being injured by the ordinary operation of trains on the defendant's road." Whether he was there as a mere licensee, or whether under an implied invitation to use the track for the purpose of foot-passage, the plaintiff must be supposed to have exercised the privilege with full knowledge of the ordinary use of the tracks by the defendant, and the ordinary risks attendant upon their use by foot-passengers. He was not a stranger to the premises, nor to the operation of the defendant's trains. On the contrary, he was himself employed as an engineer, running an engine in the same yard. He knew whether trains and engines were ordinarily run on both tracks, at the same time, and in opposite directions; whether yard-engines were ordinarily provided with head-lights on their tenders, or rang their bells when running within the yard; whether the men in charge of such engines were required to keep a lookout for foot-passengers on the track; whether any other precautions were ordinarily adopted to prevent injury to such foot-passengers; in short, he knew the dangers incident to the use which he was making of the track, under the ordinary operation of the trains, and he owed the duty to himself to guard against those dangers. The instruction asked for left the question open whether the accident to the plaintiff resulted from any operation of the

[1] Persons who use railroad tracks as foot-paths are bound to use reasonable care to avoid injury, and locomotive engineers may act upon the presumption that they will use such care. Trust Co. v. Railway Co., 26 Fed. Rep. 897, and note. In general, as to the liability of railroad companies for injuries to persons on the track, and what is contributory negligence in such cases, see Railroad Co. v. Colman's Adm'r, (Ky.) 8 S. W. Rep. 875, and note; Railroad Co. v. Womack, (Ala.) 4 South. Rep. 618, and note; Railroad Co. v. Bell, (Pa.) 15 Atl. Rep. 561.

trains which he was not bound to anticipate, or from the omission of any precaution which he had the right to expect.

We think the refusal to instruct the jury as requested in this particular was error, for which the judgment should be reversed, and a new trial granted.